UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

JAY JONAS RUBIN

     Debtor.

_____/    CASE NO.:  11-09348-3f7

ROBERT TUKE                         ADV. NO.:  3:12-ap-00292-JAF

     Plaintiff

v.

JAY JONAS RUBIN

     Defendant.

_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO ADD PARTY PLAINTIFF
AND INCORPORATED MEMORANDUM OF LAW**

     Defendant, Jay Jonas Rubin, ("Rubin"),  responds to Plaintiff's Motion To Add Party

Plaintiff And Incorporated Memorandum Of Law ("Plaintiff's Motion") as follows:

     **I.**       **BACKGROUND**

     Plaintiff has filed this adversary proceeding seeking to hold Defendant liable for losses

suffered by Plaintiff in connection with an investment in a company called Extreme Impact

Shutter Supply, Inc.("EISS") and to except his claimed damages from discharge under §

523(a)(2) of the Bankruptcy Code.[1]  Plaintiff now seeks to add his ex-wife, Jill M. Tuke ("Mrs.

Tuke") pursuant to Fed.R.Civ.P.19(a)(1)(B)(ii)  and seeks to do so without being required to file

---

[1] Although the Complaint itself refers only to Fed. R. Bankr. P. 7001(6) and §523(a)(2), the Adversary Proceeding
Cover Sheet, and the relief requested in the Complaint, reflect that Plaintiff is seeking through this proceeding to
recover money/property pursuant to Fed. R. Bankr. P. 7001(1).

an amended pleading.  Rather, Plaintiff is asking that he be allowed to add a party by simply

changing the style of this action because "Jill M. Tuke has no personal knowledge, independent

of the Plaintiff, Robert Tuke, of any of the material facts giving rise to this cause of action."

Notwithstanding this novel procedural approach that relies on a self-serving, unsupported factual

assertion, Mrs. Tuke's claim is untimely under Fed. R. Bankr. P. 4007(c) and, accordingly,

Plaintiff's Motion should be denied.

## II.    UNDISPUTED FACTS

Discovery undertaken by Defendant to date has disclosed that the following facts are

undisputed:[2]

1.      Plaintiff and Mrs.  Tuke were husband and wife on May 20, 2009.

2.      On May 26, 2009, Plaintiff and Mrs. Tuke wired $225,000 from a joint account to

EISS as consideration for the investment in EISS.

3.      Plaintiff and Mrs. Tuke jointly owned the EISS investment during the time they

were married and reported it as a joint asset on their joint income tax returns for the years 2009,

2010 and 2011.

4.      Plaintiff, individually, filed an identical action to the instant action against

Defendant in the Circuit Court in and for Marion County, Florida, Case No.: 2011-1745-CA-B,

on June 21, 2011.

5.      Plaintiff, individually, filed the instant action on April 9, 2012, which was the 60th

day after the first date set for the meeting of creditors under Section 341(a),  February 7, 2012.

---

[2] The undersigned counsel for Defendant presented these fact to counsel for Plaintiff and requested that he stipulate
to them for use in responding to Plaintiff's Motion and counsel for Plaintiff counsel gave his consent to this request.

6.      Plaintiff's and Mrs. Tuke's marriage was dissolved by Final Judgment Of Dissolution Of Marriage With Property But No Dependent Or Minor Children entered August 29, 2012,

7.      The Final Judgment Of Dissolution Of Marriage With Property But No Dependent Or Minor Children incorporated the terms of a Marital Settlement Agreement dated May 31, 2012, between Plaintiff and Mrs. Tuke.

8.      The Marital Settlement Agreement provided that items of personal property and other assets were to be retained or received by either Plaintiff or Mrs. Tuke; however, the EISS investment was not among the personal property or other assets that were treated in this manner. However, the Marital Settlement Agreement did recite as follows:

> "Additionally, Husband and Wife agree to evenly split the net settlement proceeds, if any, from the lawsuit currently pending in Marion County Circuit Court under Case No.: 2011-1745-CA-B."

**III.     RESPONSE TO PLAINTIFF'S MOTION**

**1.      Mrs. Tuke interest in the EISS investment**

Plaintiff apparently relies on the language from the Marital Settlement Agreement quoted above as grounds to add Mrs. Tuke as a party. However, Plaintiff offers no explanation as to why that provision, which refers only to the proceeds from the state court case, has application to the instant case which was filed on April 9, 2012, and was pending at the time the Marital Settlement Agreement was entered into on May 31, 2012.  Furthermore, the suggestion that Mrs. Tuke's interest arose after this complaint was filed as a result of the parties' agreement is a transparent pretext concocted to avoid the time limitations problems, discussed below, that are of Plaintiff's own making.

Contrary to Plaintiff's strained explanation, the simple truth is that Plaintiff and Mrs. Tuke have owned the EISS jointly from the time it was made. Initially, and until the time of their divorce, the investment was owned by them as tenants by the entireties. *See Beal Bank, SSB, v. Almand and Associates,* 780 So.2d 45 (Fla. 2001) (There is a "presumption in favor of a tenancy by the entireties when a married couple jointly owns personal property.") Upon the dissolution of their marriage, Plaintiff's and Mrs. Tuke's ownership of the investment as tenants by the entireties was automatically converted to a tenancy in common. *See* § 689.15, Fla.Stat. (2011).

Therefore, Mrs. Tuke's interest has been - and continues to be - the ownership interest of a cotenant in the EISS investment.

**2.     Mrs. Tuke is a necessary party to this action**

During the time the EISS investment was held by Plaintiff and Mrs. Tuke as tenants by the entireties, it belonged to neither spouse individually. *See Hector Supply Co.,* 254 So.2d 777, 780 (Fla. 1971); *Wilson v. Florida National Bank & Trust Co.,* 64 So.2d 309, 313 (Fla.1953). Thus, Plaintiff could not bring this action in his own name seeking to recover on his own and his wife's behalf. Rather, both Plaintiff and Mrs. Tuke are necessary parties and the action should have been brought by both of them. This was the conclusion reached on facts that are almost identical those in the instant action in *Silverstein v. Percudani,* No. Civ.A. 05-1468, 2005 WL 1252199 (M.D.Pa. May 26, 2005). In *Silverstein,* a husband filed a claim in his name seeking damages on his own behalf and on behalf of his family arising from an alleged fraudulent scheme in connection with the purchase of a house by him and his wife. The court found that "Plaintiff's wife is a necessary party pursuant to Rule 19(a)(2)(i)[3] because she has an interest in the property allegedly damaged by the defendants' RICO actions, and in her absence her ability

---

[3] Although the Court cites to non-existent Rule 19(a)(2)(i), it is clear from the court's analysis that it intended to cite to Rule 19(a)(1)(B)(i).

to protect her interest in recovering for that damage would be impaired. Plaintiff's wife co-owns the home in question as a tenant by the entireties, and therefore has an interest in recovering for any damage to the property." *Id.* at *5.

This same reasoning and conclusion apply here:  Mrs. Tuke is a necessary party to this action under Fed.R.Civ.P. 19(a)(1)(B)(i).[4]

### 3.      The time for Mrs. Tuke to be added as a party has expired

Plaintiff Complaint recites that he is bringing this action pursuant to § 523(a)(2) of the Bankruptcy Code. As such, Fed.R.Bankr.P.4007(c) requires that it "shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)."  Here the bar date was April 9, 2012, the date that was 60 days after the February 7, 2012, § 341(a) meeting of creditors was held in this matter.  There is no question, therefore, that Mrs. Tuke is being added as a party after the bar date and since she and Plaintiff have elected not to seek permission to add Mrs. Tuke by way of amended pleading under Fed.R.Civ.P.15, they cannot rely on Fed.R.Civ.P.15(c) regarding the relation back of amendments to pleadings.[5]

Accordingly, Mrs. Tuke's claim is barred as untimely under Rule 4007(c) and Plaintiff's Motion seeking to add her as a party should be denied.

---

[4] Fed.R.Civ.P.19 is made applicable to this proceeding by Fed.R.Bankr.P.7019.

[5] Even if Plaintiff had sought to add Mrs. Tuke pursuant to Fed.R.Civ.P.15, the cause of action would not relate back to the time this action was filed. *See, e.g., In re Harrison* , 71 B.R. 457, 459 (Bankr.D.Minn.1987):

> Plaintiff argues that FED.R.CIV.P 15(a) fully supports its motion, as it states that leave to amend "shall be freely given." However, the mandate of liberality is qualified by the phrase "when justice so requires." The qualification plainly requires a consideration of the equities in each proceeding. No consideration of the relevant equities in a discharge or dischargeability adversary proceeding can ignore the 60–day statute of limitations of BANK.R. 4004(a) and 4007(c). This statute of limitations is among the very shortest under federal law. It is designed to further the "fresh start" goals of bankruptcy relief, it requires creditors to promptly join their exceptions to discharge of debt and objections to discharge, so a petitioning debtor will enjoy finality and certainty in relief from financial distress as quickly as possible.

Given that Plaintiff has deliberately chosen not to seek to amend his Complaint pursuant to Fed.R.Civ.P.15, this issue does not need to be addressed here.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished

by United States Mail to:  STEPHEN D. SPIVEY, Attorney for Plaintiff, 230 NE 25th Ave., Suite

202, Ocala, FL 34471 and ALEXANDER G. SMITH, Chapter 7 Trustee, 2601 University Blvd.

West, Jacksonville, FL 32217, on the 19th day of February, 2013.

**BY:**    /s/ *George Franjola*
           George Franjola
           Florida Bar No. 333271
           GILLIGAN, KING & GOODING, P.A.
           1531 S.E. 36th Avenue
           Ocala, Florida 34471
           Telephone:  (352) 867-7707
           Facsimile:   (352) 867-0237
           Attorney for Defendant

           /s/ *J. HERBERT WILLIAMS*
           J. Herbert Williams
           702 S Magnolia Avenue
           Suite 2
           Ocala, FL 34471-0987
           Florida Bar No. 0604471
           Telephone:  (352) 629.6000
           Facsimile:   (352) 387-1694
           Attorneys for Defendant

E:\GF\Rubin\Motions and Orders\Def's Repsonse To Motion To Add Party.doc